UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO COLIN LOPEZ, | No. 2: 15-cv-1092 GEB KJN P |
| Petitioner, | |
| v. | ORDER |
| F. PONCE, | |
| Respondent. | |

Petitioner is a federal prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that he was wrongly returned to federal custody after he was released from state custody and deported from the United States. Petitioner also argues that he is entitled to credit for his time at liberty plus good time deductions.

For the reasons stated herein, respondent is ordered to file further briefing addressing whether petitioner was awarded good time deductions for his time at liberty.

Background

On April 16, 2010, petitioner was arrested by California state authorities in case no. C1074893, Santa Clara County Superior Court. (ECF No. 14 at 3.) On April 17, 2010, petitioner was released from state custody on this case. (Id.) On September 30, 2010, petitioner was re-arrested on case no. C1074893, and held at the Santa Clara County Department of Corrections ("DOC"). (Id.) On October 4, 2010, while in the custody of the Santa Clara County DOC,

1

petitioner was charged with case no. C1088724. (Id.)

On November 10, 2010, petitioner was indicted in the United States District Court for the Northern District of California in case no. CR-10-0823 JW. (Id.) On December 10, 2010, petitioner filed a petition for writ of prosecundum in his federal case. (Id.)

On December 21, 2010, petitioner's case no. C1088724 was dismissed by the Santa Clara County Superior Court. (Id.)

On December 22, 2010, petitioner was indicted in the Northern District Court in case no. CR-10-0932 LHK, and writted from Santa Clara County for federal court appearance. (Id.)

On May 17, 2011, petitioner was sentenced to two years of imprisonment and a concurrent 120 days of imprisonment in case no. C1074893 (Santa Clara County). (Id.) Petitioner remained in the custody of the Santa Clara County DOC pending sentencing on his federal charges. (ECF No. 14-1 at 14.)

On March 28, 2013, petitioner was sentenced in the Northern District, for case no. CR-10-0823 DLJ, to a 180 month term of confinement. (ECF No. 14 at 3-4.) Petitioner was also sentenced in case no. CR-10-0932 DLJ, to a 96 month term of confinement, for Illegal Reentry Following Deportation, to be served concurrently with the sentence in case no. CR-10-0823. (Id. at 4.)

After sentencing in the Northern District, petitioner was returned to authorities at the Santa Clara DOC. (Id.) On April 10, 2013, petitioner was transferred by Santa Clara County DOC to the California Department of Corrections and Rehabilitation ("CDCR") to serve his state sentence. (Id.)

CDCR computed the state 2 year term of imprisonment and applying good conduct and jail credit determined that petitioner had completed his sentence on March 15, 2011. (Id.) Petitioner was released from CDCR custody and placed in the custody of Immigration and Customs Enforcement ("ICE") officials on April 24, 2013. (Id.) Per CDCR, there was no federal detainer by the United States Marshals Service on file at the state institutions. (Id.) Instead, the United States Marshal lodged the detainer with the Santa Clara County Jail. (Id. at 5.)

On April 24, 2013, ICE deported petitioner from the United States, apparently unaware of the Marshal's detainer in place for the sentences imposed for petitioner's federal convictions. (ECF No. 15 at 1-2.)

On October 21, 2014, the Border Security Task Force arrested petitioner in Brawley, California. (ECF No. 14-2 at 40.) On October 22, 2014, the United States Attorney's Office for the Southern District of California charged petitioner in case no. 14-mj-09028 PL for being a deported alien found in the United States. (Id.) Petitioner has been in custody since his October 21, 2014 arrest. On November 18, 2014, the complaint in case no. 14-mj-09028 PL was dismissed, and petitioner is presently serving the term of imprisonment for his two previous federal convictions. (Id. at 38.)

In response to the filing of the instant petition, the BOP recalculated petitioner's sentence:

> Initially, the Bureau prepared a sentence computation for Petitioner, based on a 180-month term of imprisonment beginning October 21, 2014 (the day he appeared in federal custody after the ICE arrest) with no jail credit given. Based on this calculation, petitioner was scheduled to release from the Bureau, via Good Conduct Time Release ("GCT REL") on November 15, 2017. [Footnote 2.] See Attachment 11. However, that sentence computation has been revised, based on the information learned during my research after the Petition was filed.
>
> [Footnote 2: The Bureau used PS 5880.28, Sentence Computation Manual (CCCA of 1984), and the provisions of Title 18 U.S.C. § 3585(a), A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served.]
>
> 9. After reviewing all the new documentation, from which the documents attached here were taken, Petitioner is entitled to credit while at liberty from April 25, 2013, through October 20, 2014, for a total of 544 days. The United States Marshals lodged the detainer with the Santa Clara County Jail, but the detainer was not on file with the California State Prison at San Quentin where Petitioner was transferred to begin service of his state 2 year sentence. The California Department of Corrections released the Petitioner to ICE, instead of the United States Marshals Service to being service of the federal sentences. Pursuant to the rule in the Ninth Circuit, once a prisoner is released "through the inadvertence of agents of the government and through no fault of his own," the prisoner should be given credit toward his federal sentence from the date he was released by the authorities to the date he actually began to serve his federal sentence. Green v. Christiansen, 732 F.2d 1397, 1400 (9th Cir. 1984).

3

> 10. The Bureau recalculated the Petitioner's federal sentences in accordance with the Bureau of Prisons Program Statement 5160.5, <u>Designation of State Institutions for Service of Federal Sentence</u>, and Title 18 U.S.C. § 3621(b), and determined a retroactive, concurrent, nunc pro tunc designation would be appropriate. In Petitioner's case, we have determined the Petitioner's sentence commence on March 28, 2013, the same day the sentences were imposed. Additionally, the Petitioner will receive jail credit from March 16, 2011, the day after the state sentence expired, through March 27, 2013, the day before the federal sentences were imposed. Petitioner's new projected release date is April 9, 2014 (applying 705 days of projected good conduct time, which is all possible good conduct time he can earn). <u>See</u> Attachment 1.
>
> 11. The sentences are computed in accordance with federal statutes and BOP policy.

(<u>Id.</u> at 4-6.)

III. <u>Discussion</u>

In the answer, respondent argues that petitioner failed to exhaust administrative remedies. Respondent also argues that the United States is not estopped from imprisoning him to serve his previously imposed federal sentences after his release and deportation.

Respondent does not directly address petitioner's claim that he is entitled to good time credit for the time he was at liberty. While respondent states that petitioner was awarded projected good conduct credit as a result of the recalculation of his sentence, it is unclear whether this refers to the good time deductions petitioner requests in the petition. <u>See</u> <u>McPhearson v. Benov</u>, 2: 09-cv-1889 DAD P (E.D. Cal. 2009) (ECF No. 100 at 4) (court advised by counsel that petitioner awarded presentence credits as well as additional time credit against his sentence for all of the time he was at liberty and related good time credit); <u>affirmed</u> by <u>McPhearson v. Benov</u>, 613 Fed. Appx. 645 at *1 (9th Cir. 2015) ("The United States Bureau of Prisons granted McPhearson day-for-day credit for all of his time at liberty, plus good time credits.").

Respondent is ordered to clarify whether the 705 days of "projected good conduct credit" awarded to petitioner refers to credit he earned while at liberty. If BOP did not award petitioner good conduct credit for the time he was at liberty, respondent shall address why petitioner did not receive this credit in the further briefing.

////

////

4

Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order, respondent shall file the further briefing discussed above.

Dated: September 26, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Lop1092.fb